UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE MORAN PRICE,

                                          Plaintiff,

                                                                                                 <u>DECISION AND ORDER</u>

                                                                                                 09-CV-6456L

                                   v.

GLENN GOORD,
HENRY LEMONS, JR.,

                                          Defendants.
_____

       Plaintiff George Price, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants Glenn Goord and Henry Lemons, Jr., who are respectively identified as the Commissioner of the New York State Department of Correctional Services and as the Interim Chairman of the New York State Division of Parole, are alleged to have violated plaintiff's constitutional rights in certain respects.

       Defendants have moved to dismiss the complaint on a number of grounds, or in the alternative to transfer this case to the Northern District of New York ("Northern District"). For the reasons that follow, defendants' motion is granted, and the Court orders that this action be transferred to the Northern District.

Section 1391(b) of Title 28 provides that

[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

"For the purposes of venue, state officers 'reside' in the district where they perform their official duties." *Holmes v. Grant*, No. 03 Civ. 3426, 2006 WL 851753, at *21 (S.D.N.Y. Mar. 31, 2006); *accord Vincent v. Yelich*, No. 08-CV-6074, 2009 WL 112956, at *1 (W.D.N.Y. Jan. 15, 2009).

In the case at bar, the complaint gives an address in Albany, New York for each defendant. Dkt. #1 at 2. Albany is located in the Northern District. *See Kinlaw v. Pataki*, No. 07-CV-574, 2007 WL 4166029, at *1 (W.D.N.Y. Nov. 16, 2007). In addition, "[f]or venue purposes, public officials reside in the district in which they perform their official duties." *Avent v. Herbert*, No. 02-CV-828, 2009 WL 909718, at *2 (W.D.N.Y. Mar. 31, 2009) (quoting *Pierce v. Coughlin*, 806 F.Supp. 426, 427 (S.D.N.Y. 1992)). The "events" giving rise to this case, which involve administrative matters concerning plaintiff's post-release supervision, also appear to have taken place in Albany.

It is clear, then, that venue in this district is improper. "If a case is improperly venued, the district court may either dismiss the case or, in the interest of justice, transfer it to a district in which venue is proper." *Holmes*, 2006 WL 851753, at *21 (citing 28 U.S.C. § 1406(a)). Here, I find that transfer to the Northern District would best serve the interests of justice. *See id.* (stating that even if venue were proper in the Southern District, "it it would be in the interests of justice to transfer this

case" to the Northern District, since "plaintiff could have brought his claims in the Northern District, the majority of the events arose there, and the majority of defendants reside there").

## CONCLUSION

Defendants' motion to dismiss this case, or in the alternative to transfer venue (Dkt. #8) is granted, and this action is transferred to the United States District Court for the Northern District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 21, 2010.