UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE MORAN PRICE,

                         Plaintiff,

v.                                                    9:10-CV-00181
                                                      (LEK/GHL)

GLENN GOORD; HENRY LEMONS, JR.,

                         Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

GEORGE MORAN PRICE
Plaintiff  *pro se*
2240 Hubbard Road
Youngstown, Ohio 44505

HON. ERIC T. SCHNEIDERMAN                     JUSTIN C. LEVIN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**[1]

        This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Lawrence E. Khan, Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  Plaintiff George Moran Price ("Plaintiff") alleges that the New

York State Department of Correctional Services ("DOCS") violated his constitutional rights

_____

        [1]        My thanks to Anas Saleh, a third-year student at Syracuse University College of
Law, for his assistance in researching and drafting this Report-Recommendation.

when it administratively extended Plaintiff's post release supervision ("PRS") term.  (Dkt. No. 1 at 5.)[2]  Plaintiff further alleges that the New York State Division of Parole (the "Division") was negligent in calculating his PRS sentence.  *Id*. at 5-6.

Currently pending is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. No. 15.)  Plaintiff has opposed this motion.  (Dkt. No. 20.)  For the reasons discussed below, I recommend that Defendants' motion to dismiss be granted with leave to amend.

## I.      FACTUAL AND PROCEDURAL SUMMARY

On December 14, 2001, Plaintiff was sentenced to imprisonment for a five year determinate term and two and a half years of PRS.  (Dkt. No. 1 at 11.)[3]  Plaintiff alleges that on or about January 10, 2002, DOCS administratively added an additional two and a half years to his PRS term.  *Id.*  He claims that DOCS' action extended the maximum expiration date of his PRS term from July 1, 2008 to December 29, 2010.  *Id.* at 12.  He further claims that on June 29, 2008, the Division "failed to discharge [P]laintiff from supervision upon expiration of [the] sentence."  *Id.* at 5.  An attachment to the complaint shows that on August 19, 2008, the Division issued a warrant to detain Plaintiff for a PRS violation.  *Id*. at 16.  Plaintiff alleges that on September 5, 2008, he was arrested and detained.  *Id.* at 5-6.  He claims that he served jail time

---

[2]      In citations to the complaint (Dkt. No. 1), page numbers refer to those assigned by the Court's electronic filing system.

[3]      Plaintiff's complaint consists of a seven page form and fifteen pages of attachments.  The Court will consider the facts alleged in the attachments.  In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference.  *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)).

after the arrest and suffered twelve months and thirteen days of undue hardship and emotional duress. *Id.* at 6.

On March 9, 2009, Plaintiff filed a writ of habeas corpus with the New York State Supreme Court in Niagara County. *Id.* at 5, 9. Plaintiff argued that his detention was illegal because DOCS added more PRS time than the sentencing judge had imposed. *Id.* at 11. The complaint alleges that the excess PRS term was vacated. *Id.* at 5, 6. An attachment to the complaint shows that on July 20, 2009, the Division sent a letter to Niagara County Jail confirming that Plaintiff was to be discharged pursuant to court order. *Id.* at 22.

Plaintiff names as defendants Glenn Goord (Commissioner of DOCS) and Henry Lemons Jr., (Interim Chairman of the Division) in their official capacities. *Id.* at 2. Defendants are listed in the complaint's caption and parties section; however, Plaintiff does not mention either defendant further in the complaint or attachments. *See id.* at 1-22. The complaint requests $250,000 from each defendant. *Id.* at 6.

Defendants now move to dismiss the complaint. (Dkt. No. 15.) Plaintiff has opposed the motion. (Dkt. No. 20.)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 15-1 at 1.) Motions brought under Rule 12(b)(1) and 12(b)(6) are analyzed under substantively the same standard. *See Lerner v. Fleet Bank*, *N.A.*, 318 F.3d 113, 128 (2d Cir.), *cert. denied*, 540 U.S. 1012 (2003). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint on the ground that the complaint fails to

state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In order to state a claim

upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The

requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

*plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "[D]etermining whether a complaint

states a plausible claim for relief . . . requir[es] the . . . court to draw on its judicial experience

and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the

pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation omitted).

     "In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*,

at 1949.

### III.    ANALYSIS

     Defendants argue that: (A) the Eleventh Amendment bars claims against DOCS and the

Division; (B) Plaintiff has failed to allege that Defendants were personally involved in the

alleged constitutional violations; and (C) Plaintiff's first claim, that DOCS violated his due process rights by administratively adding two and a half years to his PRS sentence, is time barred.  (Dkt. No. 15-1.)

### A.  Eleventh Amendment

Defendants argue that to the extent the complaint contains allegations against DOCS and the Division, the Eleventh Amendment bars these claims.  (Dkt. No. 15-1 at 2-3.)  Defendants are correct, but DOCS and the Division are not named defendants.  *See* (Dkt. No. 1 at 2.)  However, Eleventh Amendment immunity also bars Plaintiff's claims against Defendants Goord and Lemons, state officials being sued in their official capacities, for monetary damages.

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  *See* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

In addition, the Eleventh Amendment bars suits for damages against state officials acting in their official capacities.[4]  All DOCS employees are state officials for the purposes of the

---

[4]      *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993) ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued.  To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities."); *Farid v.*

Eleventh Amendment.  *See, e.g., Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002); *Tolliver v.*

*N.Y. State Correctional Officers*, No. 99 CIV 9555, 2000 WL 1154311, *2 (S.D.N.Y. Aug. 14,

2000) ("All of the defendants in this case are state officials because they are employees of the

New York State Department of Correctional Services.").[5]  The New York State Division of

Parole has been found to have Eleventh Amendment immunity.  *See Heba v. N.Y. State Div. of*

*Parole*, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007) (holding that the New York State Division of

Parole was not subject to suit on Eleventh Amendment grounds).

     Plaintiff has named Defendants Goord and Lemons in their official capacities.  (Dkt. No.

1 at 2.)  In his opposition papers, Plaintiff does not dispute that Defendants are state officials.

*See* (Dkt. No. 20 at 8-15.)  Moreover, the complaint requests only monetary damages.  (Dkt. No.

1 at 6.)  Therefore, the Eleventh Amendment bars Plaintiff's claim for monetary damages against

Defendants Goord and Lemons in their official capacities.

     Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not

dismiss without granting leave to amend at least once when a liberal reading of the complaint

---

*Smith*, 850 F.2d 917, 921 (2d Cir. 1988) ("The eleventh amendment bars recovery against an employee who is sued in his official capacity, but does not protect him from personal liability if he is sued in his 'individual' or 'personal' capacity."); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . .  As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity.").

     [5]     The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Id.* at 112 (citation omitted).  Here the Eleventh Amendment bars Plaintiff's claims and better pleading will not cure them.  Accordingly, I recommend that the Court dismiss Plaintiff's claims against the Defendants in their official capacities for monetary damages without leave to amend.

### B.  Personal Involvement

Defendants argue that the complaint fails to allege that either Defendant Goord or Lemons was personally involved in the alleged constitutional violations.  (Dkt. No. 15-1 at 3-5.) Although provided the option on his form complaint, Plaintiff failed to specify that either defendant was being sued in his individual capacity.  *See* (Dkt. No. 1 at 2.)  As discussed above, Plaintiff sued the Defendants only in their official capacities and the complaint is thus barred by the Eleventh Amendment.  Assuming, *arguendo*, that Plaintiff had named Defendants in their individual capacities, Defendants are correct that the complaint fails to allege any facts plausibly suggesting that Defendants were personally involved in any alleged constitutional violation.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere "linkage" to the

unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior ) is insufficient to show his or her personal involvement in that unlawful conduct. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). Thus, supervisory officials may not be held liable merely because they held a position of authority. *Wright*, 21 F.3d at 501; *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation;
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[6] Plaintiff lists Defendants in the complaint's caption and parties sections, but provides no further reference to them in the complaint or attachments. *See* (Dkt. No. 1 at 1-22.) Therefore, the complaint lacks sufficient facts to plausibly suggest the Defendants' personal

---

[6]       In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), the Supreme Court ruled that where the underlying constitutional claim is a claim of intentional discrimination, a supervisory official's liability must be judged by the official's purpose rather than the official's knowledge of subordinates' actions or policies. The Second Circuit has not yet issued a decision discussing *Iqbal*'s effect on the *Colon* categories. Several district courts in the Second Circuit have determined that *Iqbal* nullified some of the *Colon* categories. *See Sash v. United States*, 674 F. Supp. 2d 531, 543-44 (S.D.N.Y. 2009) (collecting cases). I will assume for the purposes of this motion that the *Colon* categories still apply.

involvement in the alleged constitutional violations and I would recommend dismissal even if Plaintiff had named Defendants in their individual capacities.

Plaintiff should be granted leave to amend to attempt to state claims against the Defendants in their individual capacities.  Although the complaint is silent on the Defendants' personal involvement, Plaintiff might be able to plead facts plausibly establishing that the Defendants were personally involved.[7]  In similar circumstances, courts have found that a plaintiff should be afforded the opportunity to pursue claims not barred by the Eleventh Amendment.  *See Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991) ("[I]t would have been more appropriate for the court simply to specify that the dismissal extended to all claims against [the state agency] and any claims against the individuals in their official capacities, permitting [plaintiff] to pursue the claims that were not barred by the Eleventh Amendment."); *see also Duffin v. Wright*, No. 9:08-CV-1342, 2010 WL 598675, *5, 2010 U.S. Dist. LEXIS 14391, *15-16 (N.D.N.Y. Feb. 17, 2010) (Peebles, Mag.) (recommending that plaintiff who named defendant on a complaint form only in his official capacity be afforded an opportunity to amend his complaint, so that he may pursue damage claims against the defendant in his individual capacity).[8]  Therefore, I recommend that Plaintiff be granted leave to amend with respect to claims against the Defendants in their individual capacities.

### C.  Statute of Limitations

---

[7]     The Court does not express an opinion on whether the facts relating to the Defendants, stated in Plaintiff's opposition papers but not plead in the complaint, are sufficient to meet the personal involvement standard.  *See* (Dkt. No. 20.)

[8]     The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

Defendants assert that Plaintiff's first claim, that DOCS violated his due process rights by administratively adding two and a half years to his PRS sentence, is time barred.  (Dkt. No. 15-1 at 1-2.)  I address this argument to determine whether or not allowing Plaintiff to amend his complaint to allege the Defendants' personal involvement would be futile.

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985).  In New York, such claims are governed by the general three-year limitations period governing personal injury claims.  *Owens v. Okure*, 488 U.S. 235, 251 (1989).  Accrual of the claim is a question of federal law.  *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).  Under federal law, generally, a claim arising under 42 U.S.C. § 1983 "accrues" when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Island Beach*, 296 F.3d 76, 80 (2d Cir. 2002).  However, "[a] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck  v. Humphrey*, 512 U.S. 477, 490 (1994); *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999); *Ruffins v. Dep't of Corr. Servs.*, 701 F. Supp. 2d 385, 395 (E.D.N.Y. 2010).  PRS is a part of a prisoner's sentence and "[t]he fact that [the] term was added administratively, rather than judicially, does not render it a separate component from plaintiff's sentence and thus beyond the reach of *Heck*." *Ruffins*, 701 F. Supp. 2d at 396.

The complaint alleges that on or about January 10, 2002, DOCS violated Plaintiff's constitutional due process rights by administratively adding two and a half years to his PRS term. (Dkt. No. 1 at 5.)  Defendants argue that because this occurred in 2002, the statue of limitations expired before Plaintiff filed this action on September 8, 2009.  (Dkt. 15-1 at 2-3.)  Defendants

also state that"[P]laintiff does not allege that any toll is applicable to his first claim." *Id.* at 2. The complaint and attachments are silent regarding when Plaintiff first learned that time had been added to his original PRS term.  *See* (Dkt. No. 1 at 1-22.)

However, Plaintiff's claim accrued when the excess PRS term was invalidated, not when he knew or should have known of the violation.  *Amaker,* 179 F.3d at 52 ("[W]here the viability of the plaintiff's claim depends on his conviction being invalidated, the statute of limitations begins to run upon the invalidation, not the time of the alleged government misconduct."); *Ruffins*, 701 F. Supp. 2d at 395 (holding that the plaintiff's cause of action did not accrue until a state court re-sentencing invalidated his administratively imposed PRS term).  Here Plaintiff's complaint alleges that he "[f]iled [a] [w]rit of [h]abeas [c]orpus, subsequently [the] excess term illegally imposed by DOCS was vacated."[9]  (Dkt. No. 1 at 5, 6.)  The writ petition was filed on March 3, 2009.  *Id.* at 9.  On July 20, 2009, the Division sent a letter to Niagara County Jail confirming that Plaintiff was to be discharged pursuant to court order.  *Id.* at 22.  Therefore, Plaintiff's claim accrued in 2009, his complaint is timely, and amendments to it would not be futile on statute of limitations grounds.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 15) be **<u>GRANTED</u>** with prejudice with respect to Defendant Goord and Defendant Lemons in their official capacities, but with leave to amend with respect to Defendant Goord and Defendant Lemons in their individual capacities; and it is further

---

[9]      A copy of the disposition of the writ of habeas corpus action was not included as an attachment to the complaint.  (Dkt. No. 1.)  However, the Court must accept the material facts alleged in the complaint as true.  *Hernandez*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

**ORDERED** that the Clerk provide Plaintiff with copies of *Tolliver v. N.Y. State Correctional Officers*, No. 99 CIV 9555, 2000 WL 1154311 (S.D.N.Y. Aug. 14, 2000); and *Duffin v. Wright*, No. 9:08-CV-1342, 2010 WL 598675, 2010 U.S. Dist. LEXIS 14391 (N.D.N.Y. Feb. 17, 2010) in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated: March 10, 2011
       Syracuse, New York

George H. Lowe
United States Magistrate Judge